■    In the Matter of the Claim of GILMORE DAVIS, JR., Respondent, v. F. W. WOOLWORTH COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—HAMM, J.   Appeal from a board decision awarding reduced earnings based on partial disability.   The claimant had been working full time for a bus company and part time for the appellant employer F. W. Woolworth Company.   He worked eight hours a day for six days a week for the bus company and for the appellant retail store five hours a day for six days a week.   On November 14, 1959, while so employed by both employers, the claimant in the course of his employment by the appellant sustained an accident which resulted in a lumbosacral disc herniation.   On November 23, 1960, the claimant quit his job with the appellant.   He continued working for the bus company until approximately July of 1961 and then "went right to work" for another employer.   In January of 1963 he was laid off for lack of work and sometime later accepted a part-time job with Sears, Roebuck and Co. where he was employed at the time of the board's award.   All of the positions mentioned were "Custodial jobs" involving essentially "general porter work".   The board awarded the claimant reduced compensation benefits payable by the appellant employer from the time the claimant left its employ and thereafter ceased to hold two jobs.   To be entitled to compensation for a claim of partial disability there must be an association between the partial disability and the wage loss or diminution, as distinguished from voluntary withdrawal from the labor market because of factors not associated with the disability. When asked to explain the reason for his diminished earnings since the accident the claimant testified: "I can't take it like I used to."   He also said: "I'll tell you, a whole lot of people wouldn't work at all if they were in my shape.   I couldn't move at all, but I have to keep going, the bills pile up." We think this testimony coupled with the medical evidence, which will be discussed *infra*, warranted a finding that the claimant quit his second job not for causes unrelated to his disability but rather ceased to work 13 hours a day because of his disability.   A surgeon, to whom the claimant had been referred by his attending physician, testified that he examined the claimant on March 15, 1960, and found "a herniated intervertebral disc, probably at the lumbosacral level, producing sciatic pain."   The claimant had "limitation of motion of the trunk, weakness of the left foot" and was "unable to do straight leg raising."   In April of 1960 he was improved and the surgeon did not feel that further treatment was indicated.   However, after an examination on March 19, 1963, the surgeon testified that the claimant was "considered to have a partial disability."   He noted pain in the claimant's back and leg and expressed the belief that the claimant's condition would be improved "by an operative approach designed to remove the lumbosacral disc."   Since the accident the claimant has been examined by a compensation examining physician of the board on the following dates: March 17, 1960, July 28, 1960, December 1, 1960, October 26, 1961, January 5, 1962, January 3, 1963, January 24, 1963, and, except for the December, 1960 examination, the examining physician found in each instance that the claimant was partially disabled.   Dr. Kaminski, the claimant's attending physician, conceded that he "never formally imposed any restrictions on his work" but he also gave the following testimony: "Q. Did you impose any work restrictions on him to indicate there was any limitation to his working?   A. I told him he can't work as much as he did.   Q. As long as his back would bear it.   A. It doesn't bother him too much; he can keep on working, but I sent him — actually advised surgery already, in March of

1960. Q. But in the while you have seen him now, intermittently for 4 years, you never imposed any work restrictions on the man? A. I told him that he should take it easy, be careful that he doesn't strain too much." The appellants produced no medical witnesses at the hearings before the Referee. However, a doctor who on October 30, 1961, examined the claimant on the appellants' behalf, reported: "In summary, this patient has a definite history and also physical findings of a prolapsed intervertebral disc but since he is opposed to surgery and also since he is working regularly it might be advisable to continue with his present course." The claimant's "present course" was on October 30, 1961, holding only one job. The board found that the claimant had "a continuing causally related disability" to which his loss of earnings was attributable and that he was "working at only one job because of his back condition". We think the findings of the board were supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.